UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETAR BERISHAJ,

        Plaintiff,                      Case Number 14-13100

v.                                            Honorable David M. Lawson

THE BANK OF NEW YORK MELLON,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on the defendant's motion to dismiss. This case returns to the Court a third time, following the dismissal of plaintiffs' first and second actions seeking to set aside or prevent the foreclosure on their property at 7330 Deer Park Trail, Clarkston, Michigan. The Court dismissed both actions with prejudice; the second was dismissed on the basis of *res judicata* as raising claims that either were or should have been raised in the first action. The defendant filed its motion to dismiss on October 8, 2014. The plaintiff did not file a response, and the time for doing so long has passed. The Court has reviewed the pleadings and motion papers and finds that the papers adequately set forth the relevant facts and law and oral argument will not aid in the disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). The hearing previously scheduled for January 12, 2015 is **CANCELLED**. After reviewing the pleadings and the defendant's motion, the Court now finds — for the second time — that the plaintiff's claims are barred by the doctrine of *res judicata* and therefore will grant the defendant's motion and dismiss the case with prejudice.

I.

Because this is a motion to dismiss, the Court accepts all well-pleaded material facts in the complaint as true. According to his latest complaint, plaintiff Petar Berishaj's wife Pashka Berishaj bought the Deer Park Trail property in December 2004. On September 19, 2006, Ms. Berishaj refinanced the property with Countrywide Home Loans, Inc., also known as "America's Wholesale Lender." Countrywide held the note, and defendant Mortgage Electronic Registration Systems, Inc. (MERS) was the mortgagee. On November 28, 2009, MERS assigned its interest in the mortgage to defendant Mellon. Countrywide was dissolved in 2007, and Mellon bought certain of Countrywide's assets, including the note associated with the Deer Park Trail property.

Apparently, Ms. Berishaj fell behind on the note payments, because the complaint alleges that defendant Mellon foreclosed the mortgage by advertisement, and a sheriff's deed was issued to it on August 23, 2011. Before any of that occurred, however, she filed her first lawsuit in the Oakland County, Michigan circuit court on August 24, 2010. Ms. Berishaj brought that case against Countrywide and Wholesale Mortgage Group, Inc., alleging (1) fraudulent misrepresentation; (2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act; (3) violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act, Mich. Compiled Laws § 445.1672 *et seq.*; (4) breach of contract; (5) malpractice; and (6) violation of Michigan Compiled Laws § 600.3205a. She sought money damages and: (1) "a declaratory judgment that the Defendants may not proceed with foreclosure and dispossession without complying with the provisions of [Michigan Compiled Laws § 600.3205a]"; (2) a judgment quieting title in the property to the plaintiffs; and (3) an injunction to "[r]estrain and enjoin Defendants . . . from doing any act to interfere with Plaintiff's possession and enjoyment of the

property," including "initiating or continuing any foreclosure proceedings." Compl. at 7-8, *Berishaj v. America's Wholesale Lender*, No. 10-14109 (E.D. Mich. Oct. 13, 2010). Countrywide removed the case to this Court on October 13, 2010.

Ms. Berishaj never served defendant Wholesale Mortgage Group, Inc. in that case. On November 10, 2010, Countrywide filed a motion to dismiss. On April 26, 2011, Ms. Berishaj filed an untimely response to the motion to dismiss, captioned as a "supplemental brief." By then, foreclosure proceedings were underway. In her response to the motion to dismiss, Ms. Berishaj asserted that "Defendants sought foreclosure under the Michigan Foreclosure by Advertisement statute (MCL § 600.3204 et seq). Mortgage Electronic Registration Systems, Inc. (MERS) acted as nominee for the Defendants in bringing the Foreclosure by Advertisement and Sheriff's sale." Plaintiff's Supplemental Brief at 1, *Berishaj*, No. 10-14109 (Apr. 26, 2011) [dkt. #11]. She attached to the supplemental brief as Exhibit 1 two advertisements of foreclosure dated December 22, 2009 and January 7, 2010.

On May 4, 2011, at the hearing on the motion to dismiss, Ms. Berishaj's attorney stated that "[a] foreclosure proceeding by advertisement was instituted. . . . It had not happened at the time we filed the Complaint. It has happened since then . . . at the beginning of 2010." Tr. of Hr'g on Mot. to Dismiss at 13, 15, *Berishaj*, No. 10-14109 (E.D. Mich. Mar. 2, 2012) [dkt. #16]. Berishaj's attorney stated that he had received the first notice of foreclosure when "it was faxed to me by my clients when I filed this brief and the issue came up." *Id.* at 16.

At the hearing on May 4, 2011, the Court found that all of Ms. Berishaj's claims lacked merit and granted the motion to dismiss from the bench. The Court found that (1) the complaint failed to support the claim of fraud with any facts; (2) the Michigan Mortgage Brokers, Lenders, and

Servicers Act does not provide a private cause of action; (3) the plaintiff failed to point to any contract, or even a mutual agreement to support the claim of breach; (4) the plaintiff failed to explain how Countrywide could be liable for the malpractice of a contracted appraiser; and (5) the plaintiff filed the complaint in 2010, but claims under RESPA and the Truth in Lending Act for misrepresentations during a loan transaction are subject to a one-year statute of limitations, and the loan closed four years prior in 2006. On May 4, 2011, the Court entered an order dismissing the complaint with prejudice as to defendant Countrywide and dismissing without prejudice as to defendant Wholesale Mortgage Group, Inc.

On November 30, 2011, Petar (denoted as "Peter") and Pashka Berishaj filed a second complaint in the Oakland County, Michigan circuit court seeking to stop the foreclosure of their home. The complaint sought money damages as well as: (1) "a declaratory judgment that the Defendants may not proceed with foreclosure and dispossession without complying with the provisions of [Michigan Compiled Laws § 600.3205a]"; (2) a judgment quieting title in the property to the plaintiffs; and (3) an injunction to "[r]estrain and enjoin Defendants . . . from doing any act to interfere with Plaintiff's possession and enjoyment of the property." Compl. at 4, *Berishaj v. The Bank of New York Mellon*, No. 12-10892 (E.D. Mich. Nov. 30, 2011). The plaintiffs alleged that (1) "[a]t no time did Plaintiffs receive notice of the reasons the mortgage was not [sic] in default [or] a list of housing counselors to attempt to work out a modification"; and (2) "Plaintiffs would meet the criteria of a ratio of their housing related debt to their gross income of 38%." *Id.* ¶¶ 12-13. On February 28, 2012, the defendants removed the second lawsuit to this Court and filed a motion to dismiss it. On October 10, 2012, after a hearing, the Court granted the defendants' motion and dismissed the case with prejudice, after concluding "that the plaintiffs' claims in this case are barred

by the doctrine of claim preclusion, because they were or should have been litigated in the prior case between the same parties, and the prior case was dismissed with prejudice." Op & Order [dkt. #20] at 6, *Berishaj*, No. 12-10892 (E.D. Mich. Oct. 10, 2012).

After the Court dismissed the plaintiffs' second complaint, the Bank of New York filed a complaint in the state district court in Clarkston, Michigan, seeking a judgment of possession and an order of eviction. The plaintiffs filed a counter-complaint raising numerous claims. On May 14, 2013, the district court entered a judgment of possession and ordered that a writ of execution to evict the plaintiffs from the home would issue after May 24, 2013. Def.'s Mot. to Dismiss [dkt. #10], Ex. 9, Judgment of Possession. The plaintiffs appealed the judgment of possession to the circuit court, contending, *inter alia*, that the mortgage was forged and fraudulent. On August 28, 2013, the circuit court dismissed the plaintiffs' appeal. *Id.*, Ex. 11. The plaintiffs filed a motion for reconsideration, which was denied. *Id.*, Ex. 13. The plaintiffs then filed a motion for relief from judgment in the district court, which also was denied. *Id.*, Ex. 15.

In January 2014, in an attempt to forestall the eviction, Ms. Berishaj "re-filed her Chapter 13 Voluntary Petition [for Bankruptcy]." The bankruptcy proceeding, however, was dismissed soon thereafter when Ms. Berishaj failed to make required filings. Compl. ¶¶ 41-43.

On August 12, 2014, Petar Berishaj filed a third complaint in the Oakland County circuit court, again challenging the foreclosure. In his complaint, Mr. Berishaj alleges that the mortgage recorded by the original lender was forged and fraudulent because he never signed it. The plaintiff purported to attach to the complaint the "true mortgage," which is signed by Ms. Berishaj only, and which bears a notary's certification dated November 14, 2011. Compl., Ex. F, "The Pashka Mortgage" (Pg ID 60-70). Berishaj also attached to his complaint the affidavit of a "renowned

-5-

handwriting examiner" purporting to attest that the signature on the forged mortgage is not his. Mr. Berishaj contends that "[o]nly after the [judgment of possession was entered] . . . and [his attorney] reviewed and compared the documents did the Plaintiff (and Pashka) learn that Countrywide / AWL recorded a mortgage with the addition of Petar's signature." Compl. ¶ 30. Mr. Berishaj asserts that after filing a notice of appeal of the judgment of possession, his attorney failed timely to file a brief in support of the appeal, "for a number of personal reasons." Compl. ¶ 34. Mr. Berishaj sought leave to file a late brief, but the circuit court denied that relief and dismissed the appeal "for [the] procedural reason [that the plaintiffs] failed to file a timely brief." Compl., Ex. H, Order Denying Mot. for Reconsideration at 3 (Pg ID 81). According to the plaintiff, the question whether the mortgage was fraudulently recorded has not been litigated by the parties in any prior action, because "the fraud was not part of the trial court record in the Eviction Action as, when the Eviction Action took place, neither Petar nor Pashka were aware of the fraud." Compl. ¶ 36.

In his third complaint, Mr. Berishaj seeks a declaration that the "forged" mortgage is void (count I), reformation of the mortgage to obliterate the putative signature of the plaintiff (count II), a judgment setting aside the foreclosure and sheriff's deed (count III), and an injunction barring the defendant from proceeding with any attempt to recover the property or enforce the mortgage (count IV). Berishaj further seeks money damages on account of the defendant's fraud (count IV).

The defendant represents in its motion that, notwithstanding the proceedings discussed above, the plaintiffs were in fact evicted from the home "on June 5, 2014, at which time BNYM finally took possession of the property."

II.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a plaintiff] must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be considered without converting the motion to one for summary judgment even though the complaint referred only to the "plan" and not its associated documents). In addition, "a court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579 (6th Cir. 2010) (citing *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

The plaintiff's complaint must be dismissed because the claims raised are barred by the doctrine of claim preclusion, also known as *res judicata*. The doctrine of *res judicata* embraces two separate concepts — claim preclusion (sometimes referred to as collateral estoppel) and issue preclusion. "Claim preclusion, or true res judicata, refers to [the] effect of a prior judgment in

-8-

foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. Issue preclusion, on the other hand, refers to the foreclosure of an issue previously litigated." *Mitchell v. Chapman*, 343 F.3d 811, 819 n.5 (6th Cir. 2003) (citations omitted). The claim preclusion rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Id.* at 819. The Sixth Circuit has identified four elements of claim preclusion: (1) the prior decision was a final decision on the merits; (2) the former and present actions are between the same parties or those in privity with them; (3) the claim in the present action could or should have been brought in the prior action; and (4) an identity exists between the prior and present actions. *Ibid.* Privity exists where a party to the second action is either a successor in interest to a party in the prior action, a nonparty who controlled the original suit, or a nonparty who was adequately represented by a party to the prior action. *Becherer v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, 193 F.3d 415, 422 (6th Cir. 1999).

The elements of claim preclusion all are satisfied here. First, the Court resolved the plaintiff's second action in a final decision on the merits when it granted the Bank's motion to dismiss and dismissed the complaint with prejudice. *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) ("It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits unless the court specifies otherwise."). Second, the parties to this action and the second action are the same. The parties also are identical between the present matter and the eviction action in the state district court, as well as the appeal of the judgment of possession, which were dismissed with prejudice by the respective courts. Third, the issue of whether the mortgage was "fraudulent or forged" actually was raised by the plaintiffs in

their appeal of the judgment of possession. Moreover, the same issue could or should have been raised in each of the three actions preceding this one: in the first and second complaints challenging the foreclosure that were dismissed by this Court, and in the state court eviction proceeding. Mr. Berishaj's contention that he and his wife did not know about the allegedly forged signature on the mortgage is belied by the facts that (1) the complaint alleges that the "forged" mortgage was recorded (thus giving the plaintiff either inquiry or record notice of its contents as a matter of public record); and (2) the Bank attached the allegedly fraudulent mortgage as an exhibit to its motion to dismiss in the second action, to which the plaintiffs filed a substantive response. Def.'s Mot. to Dismiss [dkt. #7], Ex. A, Mortgage (record October 16, 2006), *Berishaj v. The Bank of New York Mellon*, No. 12-10892. As already noted, Mr. and Ms. Berishaj both were parties to the second action before this Court. Fourth, there is an identity between the present and former actions, because the plaintiffs seek the same relief as they did in each of their prior actions.

Moreover, even if the plaintiff's allegations of fraud were factually plausible, they would be insufficient as a matter of law to justify the plaintiff's requests for declaratory and injunctive relief setting aside the foreclosure sale, reforming the mortgage, and restoring possession of the home to Mr. and Ms. Berishaj. "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside," and "[i]t is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure procedure itself." *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013) (quotations and citations omitted). The complaint sets forth no such allegations, plausible or otherwise.

III.

The Court finds that the plaintiff's claims in this case are barred by the doctrine of claim preclusion, because they were or should have been litigated in the two prior actions before this Court between the same parties, or in the eviction action before the state district court, all of which were dismissed with prejudice. The complaint in this case, therefore, must be dismissed as well.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #10] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 9, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 9, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI